915 P.2d 1365

In the Matter of the ARBITRATION BE-
TWEEN Pamela CARROLL and ERA
Maui Real Estate, Claimants–Appellees,

and

Juergen Gruner and Christa Gruner,
Respondents–Appellees,

and

Bruce TRAVIS and Americorp,
Respondents–Appellants.

No. 16824.

Intermediate Court of Appeals of Hawai'i.

May 2, 1996.

Bruce Robert Travis, Kihei, Maui, pro se on the briefs.

William Meheula and Thomas E. Bush (McCorriston Miho & Miller, of counsel), on the brief, Honolulu, for Claimants–Appellees.

Robert P. Richards and Marie A. Sheldon (Reid, Richards & Miyagi, of counsel), on the brief, Honolulu, for Respondents–Appellees.

Before WATANABE, ACOBA and KIRIMITSU, JJ.

ACOBA, Judge.

Respondents–Appellants Bruce Travis and Americorp (collectively referred to herein as "Travis") appeal a March 8, 1993 circuit court order granting the application of Respondents–Appellees Juergen Gruner and Christa Gruner (the Gruners) for confirmation of an arbitration award filed December 9, 1992 pursuant to Hawai'i Revised Statutes (HRS) § 658–8 (1993).[1] We remand.

---

1. Hawai'i Revised Statutes (HRS) § 658–8 (1993) provides:

§ 658–8 **Award; confirming award.** The award shall be in writing and acknowledged or proved in like manner as a deed for the conveyance of real estate, and delivered to one of the parties or the party's attorney. A copy of the award shall be served by the arbitrators on each of the other parties to the arbitration, personally or by registered or certified mail. At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award. Thereupon the court shall grant such an order, unless the award is vacated, modi-

The Gruners filed their application (the application) with the circuit court with an affidavit by their counsel attached. The affidavit states that the Gruners were owners of a condominium apartment and entered into a broker's listing agreement with Travis for sale of the condominium apartment, that Thomas and Susan Luten retained claimant-appellees Pamela Carroll (Pamela) and ERA Maui Real Estate (collectively referred to herein as "Carroll") to represent them in making an offer for the condominium apartment, that a dispute arose with regard to the offer, and that "pursuant to contractual provisions mandating [the] same, the matter was submitted to arbitration[.]" The copy of an "award" rendered by the arbitrator (the award) was attached to the application as an exhibit. Pursuant to the award entered on November 3, 1992, Travis was found liable to the Gruners for $9,206.75 plus an amount for the administrative and arbitrator's fees charged by the American Arbitration Association.

In response, Travis, appearing *pro se*, submitted a letter to the court filed on January 5, 1993, requesting a telephone conference because he was unable to attend the hearing in Honolulu. In the letter, Travis also stated that he had not agreed to the arbitration proceeding but had "protested [that] the hearing was invalid," and "objected to the hearing and only appeared so as not to be in contempt of the proceeding[s]." The record does not indicate under what circumstances

contempt would supposedly be imposed.[2] Travis submitted a second letter to the circuit court which was also filed on January 5, 1993. The second letter contends that there was no agreement to arbitrate. Travis asserted that the purported arbitration agreement was contained in "paragraph 5.3 of the standard addendum to [a] DROA [ (Deposit Receipt Offer and Acceptance contract) ]" and that the buyers involved in the DROA had stricken the following language from that paragraph:

> ... then such dispute or claim shall be decided by neutral binding arbitration before a single arbitrator in accordance with the Commercial Arbitration rules of the American Arbitration Association.

According to Travis, the second letter was his "testimony in abstentia [sic] for the January 5, 8:30 a.m. [application] hearing."

The court minutes of January 5, 1993 indicate that the hearing on the Gruners' application took place in chambers from 10:05 a.m. to 10:20 a.m. Travis appeared by telephone. No exhibits were received into evidence. The court only heard argument. The court granted the Gruners' application and ordered that judgment be entered on the award.[3]

Based on the record below, we believe that the circuit court did not have a sufficient basis to grant the Gruners' application. Travis objected to the application on the ground that the arbitration provision in the relevant

fied, or corrected, as prescribed in sections 658–9 and 658–10. The record shall be filed with the motion as provided by section 658–13, and notice of the motion shall be served upon the adverse party, or the adverse party's attorney, as prescribed for service of notice of a motion in an action in the same court.

2. We note that HRS § 658–7 (1993) provides that an arbitrator may summon any person to attend arbitration proceedings as a witness and that the arbitrator may petition the circuit court to compel the attendance of such a person under penalty of contempt.

§ 658–7 Witnesses; attendance. The arbitrators selected either as prescribed in this chapter, or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him [or her] or them a book or paper.... If any person so summoned to testify refuses or neglects to obey

the summons, upon petition the circuit court may compel the attendance of such person before the arbitrator or arbitrators, or punish such person for contempt in the same manner now provided for the attendance of witnesses or the punishment of them in the circuit court.

3. There is no transcript of the January 5, 1993 proceeding in the record on appeal. None of the parties indicate anything material occurred at this proceeding. Travis was under a duty to order any relevant "transcript of such parts of the proceedings as he deem[ed] necessary[.]" *See* Hawai'i Rules of Appellate Procedure (HRAP) Rule 10(b)(1). However, nothing in the rule prohibits any other party from providing a transcript of the proceedings if it believed a transcript was necessary. HRAP Rule 10(b)(1) provides that if a transcript is not ordered, "the appellant shall file a certificate to that effect." That was not done in this case, but none of the parties objected.

contract was deleted. The other parties did not file any written response to this objection. While the Gruners' attorney's affidavit referred to "contractual provisions mandating ... arbitration," the arbitration agreement in issue was not made a part of the application nor submitted into evidence after Travis's written objection. The award itself does not set forth the provisions of any arbitration agreement.[4]

On appeal, Travis, who again appears *pro se*, attached eleven exhibits to his opening brief and three exhibits[5] to his reply brief. Exhibit 4 to Travis's opening brief bears out the statement made in Travis's second letter to the court that the language relating to arbitration in paragraph 5.3 was deleted. In its answering brief, Carroll confirms that exhibit 4 to Travis's opening brief is "the relevant contractual provision." Carroll claims, however, that Travis was bound to arbitration because the provision "states that any dispute or claim against realtor and/or real estate licensee shall be submitted to 'binding arbitration.'" The provisions for arbitration, however, were deleted from paragraph 5.3:

> *Mediation And Arbitration.* If any dispute or claim in law or equity arises out of this DROA, Buyer and Seller agree in good faith to attempt to settle such dispute or claim by mediation under the Commercial Mediation rules of the American Arbitration Association. If such mediation is not successful in resolving such dispute or claim [prior text here deleted by the Gruners]
>
> Any dispute or claim by or against any REALTOR and/or real estate licensee participating in this sale shall be submitted to mediation followed by binding arbitration *consistent with the above provisions.*

(Emphasis added.) The "above provisions" relating to arbitration were, as stated previously, deleted.

The exhibits attached to Travis's briefs were not submitted to the circuit court. Carroll maintains that the exhibits were not made a part of the record below, and their consideration is precluded under Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(9).[6] We agree that under HRAP Rule 28(b)(9), Travis's exhibits cannot be considered, and thus, we also cannot consider Carroll's arguments regarding the subject paragraph 5.3.

As indicated previously, our review is limited to the record on appeal. We recognize that public policy favors the resolution of disputes by arbitration. *Westin Hotel Co. v. Universal Inv., Inc.*, 72 Haw. 178, 811 P.2d 467, *reconsideration denied*, 72 Haw. 617, 841 P.2d 1074 (1991); *see Gregg Kendall & Assoc., Inc. v. Kauhi*, 53 Haw. 88, 93, 488 P.2d 136, 140 (1971). Nevertheless, it is well-established that a party cannot be compelled to arbitrate in the absence of an agreement to that effect. *See Koolau Radiology, Inc. v. Queen's Medical Ctr.*, 73 Haw. 433, 445, 834 P.2d 1294, 1300 (1992) ("[b]efore compelling an unwilling party to arbitrate," the court must "engage in a limited review to ensure that the dispute is arbitrable—i.e., that a valid agreement to arbitrate exists between the parties") (internal quotation marks and citation omitted); *see also Lee v. Heftel*, 81 Hawai'i 1, 3, 911 P.2d 721, 723 (1996) ("when presented with a motion to compel arbitration," the court must first decide whether an arbitration agreement exists between the parties before proceeding to the question of whether the dispute is arbitrable under the agreement) (quoting *Koolau*, 73 Haw. at 445, 834 P.2d at 1300).

In *Westin Hotel*, the Hawai'i Supreme Court held that, in view of

> the public policy of encouraging arbitration and of simplifying proceedings, ... a par-

---

4. In the recital of the parties and their attorneys, the award states that Travis "agreed to proceed with the hearing without representation and or assistance of counsel."

5. While the reply brief's table of contents only listed two exhibits, Travis actually attached three exhibits.

6. HRAP Rule 28(b)(9) states that "[p]arts of the record material to the questions presented may be included in the appendix. Anything that is not part of the record shall not be appended to the brief."

ty, properly notified of a demand, based on a written arbitration provision, for arbitration of an issue, which it does not believe to be arbitrable, [must] seasonably make its contention of non-arbitrability known to the other party so that the party may have the opportunity of proceeding in accordance with HRS § 658–3 [ (1993) ] [without] incurring the expense and delay of the arbitration proceedings.[7]

72 Haw. at 183, 811 P.2d at 470 (footnote added). The majority of the *Westin Hotel* court held that under the facts there, the appellant had not "seasonably" objected to the arbitration proceeding. *Id.* The majority reasoned that if a proper objection had been made, "then [the] proceeding as outlined in HRS § 658–3 could have been brought by [the arbitration proponent], a court determination made, and the determination either way would have been appealable … without the expense and delay of going all the way through the arbitration proceeding." *Id.* at 179, 811 P.2d at 468.

Here, by contrast, Travis indicated he had lodged his objections to the arbitration proceeding because he believed there was no agreement to arbitrate and attended the proceeding only because of a perceived threat of being found in contempt of court. Based on his filings with the circuit court, Travis did not "stand mute" prior to the arbitration proceeding. *Id.* at 183, 811 P.2d at 470. While a party contesting a demand for arbitration is obligated to notify the demanding party of its claim of a lack of an agreement to arbitrate, the demanding party is obligated

to seek a court determination of whether there was an enforceable contract for arbitration under HRS § 658–3. *Id.* As the dissent in *Westin Hotel* noted, "[u]nder the plain language of [HRS § 658–3], [the objecting party] had no standing to institute an action in circuit court because [the objecting party] was not aggrieved by any party's failure, neglect, or refusal to perform under an arbitration agreement." *Id.* at 185, 811 P.2d at 471 (Moon, J., dissenting).

■ According to the letters to the circuit court, Travis had objected to the proceedings. Once the issue of nonarbitrability was raised, a determination of whether a valid arbitration agreement existed was necessary. "Whenever the jurisdiction of an arbitrator is questioned, it must be determined in order to make an award on arbitration binding." *Id.* (Moon, J., dissenting) (internal quotation marks, citation and brackets omitted). *See Bateman Constr. Inc. v. Haitsuka Bros., Ltd.,* 77 Hawai'i 481, 485, 889 P.2d 58, 62 (holding that "the question of arbitrability is usually an issue to be decided by the courts, unless the parties clearly and unmistakably provide otherwise") (internal quotation marks, brackets, and citation omitted), *reconsideration denied,* 78 Hawai'i 421, 895 P.2d 172 (1995); *accord National Union Fire Ins. Co. v. Reynolds,* 77 Hawai'i 490, 889 P.2d 67 (App.1995).

■ HRS chapter 658 does not set forth any express duty on a party contesting an agreement to arbitrate to notify the party

---

7. HRS § 658–3 (1993) sets out the following:

**§ 658–3 Compelling compliance with agreement; jury trial when.** A party aggrieved by the failure, neglect, or refusal of another to perform under an agreement in writing providing for arbitration, may apply to the circuit court for an order directing that the arbitration proceed in the manner provided for in the agreement. Five days' notice in writing of the application shall be served upon the party in default. Service thereof shall be made in the manner provided for service of a summons. The court shall hear the parties, and upon being satisfied that the making of the agreement or the failure to comply therewith is not in issue, the court hearing the application shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. If the making of the

agreement or the default is in issue, the court shall proceed summarily to the trial thereof.

A jury trial may be demanded by either party before or at the time of the return and if such demand is made, the issue shall be tried before a jury, otherwise the court shall hear and determine the issue.

If the jury, if tried by a jury, or the court, if tried by the court, finds that no agreement in writing providing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury, if the trial is before the jury, or the court, if the trial is before the court, finds that a written provision for arbitration was made and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

demanding arbitration that it objects to arbitration prior to the court's confirmation of the award. However, as we have pointed out, the Hawai'i Supreme Court in *Westin Hotel* held that there was such a duty on the part of the party contesting arbitration which would be implied in the law as a matter of "public policy." 72 Haw. at 183, 811 P.2d at 470. *Westin Hotel* thus contemplated that if a party lodged an objection to arbitration, then the demanding party would proceed under HRS § 658–3. *Id.* However, if a demanding party fails to file an application for an arbitrability determination under HRS § 658–3, we believe and hold, as a necessary corollary to *Westin Hotel*, that an award obtained in the face of a judicially unresolved objection to arbitrability must be vacated and the issue of arbitrability determined. We are aware that "HRS § 658–9 provides only four specific grounds upon which an award can be vacated[.]" [8] *Excelsior Lodge Number One v. Eyecor, Ltd.*, 74 Haw. 210, 219, 847 P.2d 652, 657 (1992) (footnote omitted). However, limited judicially recognized exceptions to HRS chapter 658 have been adopted. *See Gozum v. American Int'l Adjustment Co.*, 72 Haw. 41, 805 P.2d 445 (1991) (holding that a party may ask for a clarification of an arbitration award at a HRS § 658–8 confirmation hearing, despite the party's failure to bring a timely motion under either HRS §§ 658–9 or 658–10); *see also Inlandboatmen's Union v. Sause Bros.*, 77 Hawai'i 187, 881 P.2d 1255 (App.1994) (holding that a limited exception based on considerations of public policy exists with respect to the confirmation of an arbitration award under HRS §§ 658–9 and 658–10) (citation omitted). Travis purportedly made a seasonable objection to the arbitration proceeding. None of the parties in their briefs dispute Travis's claim that he objected to the arbitration proceeding. If such an objection was made, the Gruners and Carroll were required, under *Westin Hotel*, to seek a determination of whether there was an enforceable contract to arbitrate under HRS § 658–3 at the time the objection was made. In light of Travis's objections, the record fails to reflect the requisite showing of an agreement to arbitrate.

The trial court did not render any written findings concerning the existence of an agreement to arbitrate nor were any exhibits received in evidence, despite the patent need for proof of this essential requirement. The record does not indicate that the parties raised, or that the circuit court considered, the *Westin Hotel* ruling. Of course, the corollary to *Westin Hotel* we adopt today could not have been considered. Under the circumstances, we must vacate the order confirming the arbitration award, and remand the case for further proceedings on the application consistent with this opinion.

---

8. HRS § 658–9 (1993) provides the following:

§ **658–9 Vacating award.** In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means;
(2) Where there was evident partiality or corruption in the arbitrators, or any of them;
(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators.