956 P.2d 1282

EMPLOYEE MANAGEMENT COR-
PORATION, a Hawai'i corpora-
tion, Plaintiff–Appellee,

v.

The ALOHA GROUP, LIMITED, a Cali-
fornia corporation; Aloha Parking Ser-
vices, Inc. (Hawaii), a Hawai'i corpora-
tion; Aloha Parking Services, Inc.
(L.A.), a California corporation; Aloha
Rainbows (Security Marshalls); Aloha
Rainbow, aka Aloha Special Events;
Aloha Rainbow Special Events (L.A.);
Aloha Rainbow Special Events (S.F.);
Aloha Rainbow Security; Marshall
Mars, Defendants–Appellants,

and

Does 1–10, Defendants,

and

The ALOHA GROUP, LIMITED, a Cali-
fornia corporation; Aloha Parking Ser-
vices, Inc. (Hawaii), a Hawai'i corpora-
tion; Aloha Parking Services, Inc.
(L.A.), a California corporation; Aloha
Rainbows (Security Marshalls); Aloha
Rainbow, aka Aloha Special Events;
Aloha Rainbow Special Events (L.A.);
Aloha Rainbow Special Events (S.F.);
Aloha Rainbow Security; Marshall
Mars, Third–Party Plaintiffs–Appel-
lants,

v.

Barron GUSS; EMC Personnel; Altres,
Inc., Third–Party Defendants–
Appellees,

and

John Doe 1–10; Doe Corporation 3–10;
Doe Partnership 1–10; and Doe En-
tity 1–10, Third–Party Defendants.

No. 19625

Intermediate Court of Appeals of Hawai'i.

April 22, 1998.

Mark T. Shklov, on the requests, Honolulu,
for plaintiff-appellee.

Steven Guttman and Alan J. Ma, Law Of-
fices of Steven Guttman, of counsel, on the
objection, Honolulu for defendants-appellants
and third-party plaintiffs-appellants.

Before WATANABE, ACOBA and KIRIMITSU, JJ.

KIRIMITSU, Judge.

## I. INTRODUCTION

In *Employee Management Corp. v. The Aloha Group, Ltd.*, 86 Hawai'i 524, 950 P.2d 708 (App.1998), this court ruled, by way of summary disposition order, in favor of Plaintiff–Appellee Employee Management Corporation (EMC) and against Defendants–Appellants The Aloha Group, Limited, a California corporation; Aloha Parking Services, Inc. (Hawaii), a Hawai'i corporation; Aloha Parking Services, Inc. (L.A.), a California corporation; Aloha Rainbows (Security Marshalls); Aloha Rainbow, aka Aloha Special Events; Aloha Rainbow Special Events (L.A.); Aloha Rainbow Special Events (S.F.); Aloha Rainbow Security; and Marshall Mars (collectively, Appellants). EMC now seeks an award of $14,194.84 in attorneys' fees and $212 in costs for fees and costs incurred on appeal.

Because we hold that Hawai'i Revised Statutes (HRS) § 607–14 (1993) places a twenty-five percent maximum combined total limit that can be taxed against a losing party by both the trial and appellate courts, we deny EMC's request for attorneys' fees. However, we grant EMC's request for costs.

## II. BACKGROUND

Appellants entered into a contract with EMC for personnel staffing and/or payroll services. After Appellants defaulted on their payments to EMC, EMC brought an action for breach of contract, unfair and deceptive trade practice, false representation, and negligence.

On June 6, 1995, the circuit court granted EMC's motion for summary judgment on all of its claims asserted in its complaint.

On December 23, 1997, an Amended Final Judgment was entered *nunc pro tunc* as of February 15, 1996 (February 15, 1996 judgment) in favor of EMC and against Appel-

1. Counsel for Plaintiff–Appellee Employee Management Corporation (EMC) is the person actually requesting attorneys' fees and costs on appeal.

lants (except Aloha Parking Services, Inc. (Hawaii)), and awarded $239,599.47 for damages on all counts of the complaint, $59,-899.87 in attorneys' fees (25% of $239,599.47), and $3,617.64 in costs.

Appellants appealed, *inter alia*, the February 15, 1996 judgment, and this court affirmed the judgment on January 28, 1998. Subsequently, EMC[1] requested attorneys' fees and costs incurred on appeal. Appellants objected to the request for attorneys' fees on the grounds that EMC already received the maximum award of attorneys' fees under HRS § 607–14.

## III. DISCUSSION

The sole issue before this court is whether HRS § 607–14 places a twenty-five percent "maximum" combined total limit that can be taxed against a losing party by both the trial and appellate courts, or whether it places a twenty-five percent "jurisdictional" limit which permits both the trial court and appellate court to separately award attorneys' fees against the same losing party (i.e., the trial court could award attorneys' fees up to twenty-five percent of the judgment, and the appellate court could also award attorneys' fees up to twenty-five percent of the judgment, to be taxed against the same losing party).

### A. Standard of review.

In interpreting statutes, ... the fundamental starting point is the language of the statute itself. The interpretation of a statute is a question of law which this court reviews *de novo*. Moreover, where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

However, for purposes of our discussion, we will refer to EMC as the party requesting attorneys' fees and costs.

*Konno v. County of Hawai'i,* 85 Hawai'i 61, 71, 937 P.2d 397, 407 (1997) (citations omitted).

## B. *HRS § 607–14.*

HRS § 607–14 states, in relevant part:

> **Attorneys' fees in actions in the nature of assumpsit, etc.** *In all the courts,* in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, *there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable;* provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; *provided that this amount shall not exceed twenty-five per cent of the judgment.*

HRS § 607–14 (emphases added).

Unfortunately, there is no legislative history that provides insight into the legislature's intent regarding the immediate issue. However, there has been some judicial interpretation of HRS § 607–14.

In 1994, the supreme court interpreted the language "in all the courts" to mean that appellate courts have jurisdiction to award reasonable attorneys' fees incurred on appeal if the requirements of Hawai'i Rules of Appellate Procedure (HRAP) Rule 39(d) and HRS § 607–14 are met. *S. Utsunomiya Enter., Inc. v. Moomuku Country Club,* 76 Hawai'i 396, 399, 879 P.2d 501, 504 (1994).

In 1997, the supreme court again interpreted the identical relevant language of HRS § 607–14 to explicitly provide that attorneys' fees may be awarded in three types of cases: (1) in all actions in the nature of assumpsit; (2) in all actions on a promissory note; and (3) in contracts in writing that provide for an attorneys' fee. *Eastman v.*

*McGowan,* 86 Hawai'i 21, 31, 946 P.2d 1317, 1327 (1997) (specifically noting that "[t]he legislature did not intend to require a written agreement for attorneys' fees in an action in assumpsit").

Neither of these supreme court cases addressed the question of whether HRS § 607–14 places a "maximum" or "jurisdictional" limit on an award of attorneys' fees. Thus, we must decide this question based upon the plain reading of HRS § 607–14.

■ The relevant portions of HRS § 607–14 read as follows:

> *In all the courts,* in all the actions in the nature of assumpsit ... there shall be taxed as attorneys' fees, to be paid by the losing party and *to be included in the sum for which execution may issue,* a fee that the court determines to be reasonable[,] ..., provided that this amount shall not exceed twenty-five per cent of the judgment.... [Such fees] shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

HRS § 607–14 (emphases added).

In particular, we believe that the language "in all the courts" means that the twenty-five per cent statutory limit applies to a combination of "all the courts" and not to "all the courts" individually.

Second, we believe that the language, "to be included in the sum for which execution may issue," further serves to restrict the ultimate award of attorneys' fees. There being only one judgment upon which execution may issue, the maximum combined award of attorneys' fees for both the trial and appellate levels cannot exceed twenty-five percent of that judgment.

Accordingly, we hold that HRS § 607–14 places a twenty-five percent "maximum" total combined limit that can be taxed against a losing party by both the trial and appellate courts.

## C. *EMC's request for attorneys' fees is denied.*

■ In this case, the February 15, 1996 judgment awarded $239,599.47 on all counts

of the complaint and $59,899.87 in attorneys' fees (25% of $239,599.47), pursuant to HRS § 607–14, and $3,617.64 in costs. EMC therefore received the maximum amount of attorneys' fees available at the trial court level.

On appeal, EMC requests $14,294.94 in attorneys' fees pursuant to HRS § 607–14. However, because EMC has already been awarded the maximum amount of attorneys' fees of twenty-five percent of the judgment at the trial court level, we must deny EMC's request for attorneys' fees upon appeal.

D. *EMC's request for costs is granted.*

■ HRAP Rule 39(c) and (d) provide for costs, in pertinent part, as follows:

(c) **Costs Defined.** Costs in the appellate courts are defined as (1) the cost of the original and one copy of the reporter's transcripts if necessary for the determination of the appeal, (2) the premiums paid for supersedeas bonds or other bonds to preserve rights pending appeal, (3) the fee for filing the appeal, and (4) the cost of printing or otherwise producing necessary copies of brief and appendices.

(d) **Bill of Costs; Objections.** A party who desires an award of costs shall state them in an itemized and verified bill of costs, together with a statement of authority for each category of item, filed with the clerk, with proof of service, no later than 14 days after entry of judgment.

In this case, EMC requests $212 which is supported by a Verified Bill of Costs and which is consistent with HRAP Rule 39(c) and (d). Therefore, we award EMC a total of $212 in costs.

IV. *CONCLUSION*

In conclusion we deny EMC's request for attorneys' fees and grant the request for costs in the amount of $212.