FRANK FISTES, individually and dba STORAGE CONTAINER SALES U.S.A., Plaintiff-Appellee,
v.
JOHN M. KOBAYASHI, individually and dba KOBAYASHI KONA COFFEE aka KOBO'S KONA COFFEE, Defendant-Appellant, and
DOES 1-10, Defendants.
No. 28644.
Intermediate Court of Appeals of Hawaii.
November 28, 2008.
On the briefs:
John M. Kobayashi, Defendant-Appellant pro se.
Victor M. Cox for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.
Pro se Defendant-Appellant John M. Kobayashi,[1] individually and dba Kobayashi Kona Coffee aka Kobo's Kona Coffee, (Kobayashi) appeals from the Third Amended Judgment filed on June 15, 2007 in the Circuit Court of the Third Circuit (circuit court).[2] The circuit court entered judgment in favor of Plaintiff-Appellee Frank Fistes, individually and dba Storage Container Sales U.S.A. (Fistes or Plaintiff) and against Kobayashi.
On appeal, Kobayashi argues that the circuit court (1) erred when it violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (1990), by entering default against him and (2) abused its discretion by awarding Fistes attorneys' fees in excess of the 25% limit prescribed by Hawaii Revised Statutes (HRS) § 607-14 (Supp. 2007).
Kobayashi asks this court to vacate the circuit court's December 12, 2005 Findings and Order Granting and Entering Default (Entry of Default) and Third Amended Judgment and remand with directions to reconsider his November 25, 2005 "Motion to Vacate Trial and to Reopen Trial Procedures and Trial Data Certificate and Motion to Conduct Trial with Auxiliary Aids and Under Such Conditions as Are Required to Accommodate the Substantial Disability and Physical Limitations of John M. Kobayashi as Defendant and Pro Se Counsel Pursuant to 42 U.S.C. Section 12131 et seq. and Applicable Regulations" (Motion to Vacate). Kobayashi also requests that if this court does not vacate the circuit court's Entry of Default, we hold that the circuit court's award of attorneys' fees exceeded the 25% limit prescribed by HRS § 607-14 and should be reduced accordingly.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Kobayashi's points of error as follows:
(1) The circuit court did not err in entering default against Kobayashi. Kobayashi does not identify what relevant Findings of Fact (FOFs) are erroneous, as required by Hawai`i Rules of Appellate Procedure (HRAP) Rule 28(b), and no plain error appears from the record; as such, the following FOFs, as set forth in the Entry of Default, remain unchallenged and serve as the operative facts of this case, Crosby v. State of Hawaii Dep't of Budget & Fin., 76 Hawai`i 332, 340, 876 P.2d 1300, 1308 (1994):
1. KOBAYASHI received due and proper notice of the trial date and time in this matter;
2. KOBAYASHI's purported filing of [the Motion to Vacate] entered in the court docket November 25, 2005 are [sic] of no force or effect and/or deficient, and will not be considered and/or granted by the court for the following reasons:
A) No original document has been presented in contravention of the Rules of the Circuit Courts of the State of Hawaii Rule 2;
B) The documents are not signed by KOBAYASHI, and no other person has been authorized to appear on his behalf;
C) The [Motion to Vacate] . . . does not conform to required rules in that it is a hearing type motion and no Notice of Hearing was requested or presented;
E) [sic] The [Motion to Vacate] . . . is not timely;
F) No information presented in support of the [Motion to Vacate] . . . is authenticated by affidavit or declaration;
G) No reasons are given as to why KOBAYASHI could not have retained counsel between early September, 2005 and November 25, 2005;
H) No reasons are given as to why KOBAYASHI could not have requested assistance under the provisions of the [ADA] prior to November 25, 2005, and his request is not timely;
I) The [Motion to Vacate] . . . does not provide or suggest a new or continued date for trial, and a continuance without a date certain is tantamount to a dismissal.
3. KOBAYASHI failed to comply with Court directives as set forth in the Court's ORDER SETTING TRIAL DATE AND PRETRIAL DEADLINES entered June 24, 2005, of which he received due and proper notice, and/or per the Rules of the Circuit Courts of the State of Hawaii Rules 12.1 and 12.1(a)(4) in the following respects:
A) Failed to file and serve a Settlement Conference Statement;
B) Failed to submit any timely written bona fide and reasonable offer prior to the settlement conference;
C) Failed to submit a confidential letter to the settlement judge;
D) Failed to submit the original and 3 copies of Witness List and Exhibit List;
E) Failed to appear at the date and time set for trial.
4. As set forth in [Fistes'] MOTION IN LIMINE filed November 18, 2005 KOBAYASHI partially refused to obey the court's order directing access to the storage containers for inspection and photographing by not identifying the location of 4 of the containers and denying access to the interior of 1 of the containers;
5. The Court's ORDER SETTING TRIAL DATE AND PRETRIAL DEADLINES contains the following admonition: "Sanctions for non-compliance with this order include those imposed by [Rules of the Circuit Courts of the State of Hawaii] Rule 12.1(a)(6), and shall, in the appropriate case, include default."
6. KOBAYASHI's statement in the purported ENTRY OF PRO SE APPEARANCE OF JOHN M. KOBAYASHI to the effect that his prior attorneys were terminated is disingenuous in that his prior attorneys moved for and were granted permission to withdraw without appearance or objection by KOBAYASHI;
7. KOBAYASHI is an attorney by training and experience and is therefore charged with greater knowledge of applicable court procedures than the average pro se party;
8. Plaintiff has expended considerable time and expense in preparing for trial, including the filing of pretrial documents, trial preparation, subpoena of at least 4 witnesses, including 2 from Oahu, one being Plaintiff's expert, and has otherwise substantially complied with the court's orders and prosecuted his case with due diligence; whereas KOBAYASHI has demonstrated a pattern of disregard for court orders and procedures resulting in unnecessary costs and expenses for Plaintiff."
(Ellipses in original.)
An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise[.]" Hawai`i Rules of Civil Procedure Rule 55(a). As the foregoing FOFs indicate, Kobayashi failed in a number of ways to comply with the Rules of the Circuit Courts of the State of Hawai`i and participate meaningfully in the pretrial and trial process, giving the circuit court reason to conclude in its Entry of Default that Kobayashi "did not have a serious intent to appear and defend the instant lawsuit" and "would not appear at any continued or further trial or hearing, including . . . a motion for default[.]" Where the entry of default reflects an application of the correct rule of law and is indeed supported by the circuit court's FOFs, we hold that the circuit court did not err in entering default against Kobayashi. Chun v. Bd. of Trs. of Employees' Ret. Sys. of State of Hawai`i, 106 Hawai`i 416, 430, 106 P.3d 339, 353 (2005).[3]
(2) The circuit court did not abuse its discretion in awarding Fistes attorneys' fees pursuant to HRS § 607-14. HRS § 607-14 governs attorneys' fees awards in contract and assumpsit actions and "places a [25%] `maximum' total combined limit that can be taxed against a losing party by both the trial and appellate courts." Employee Mgmt. Corp. v. Aloha Group, Ltd., 87 Hawai`i 350, 352, 956 P.2d 1282, 1284 (App. 1998). "The amount of the judgment upon which attorneys' fees are calculated under HRS § 607-14 should include prejudgment interest." Forbes v. Hawaii Culinary Corp., 85 Hawai`i 501, 511, 946 P.2d 609, 619 (App. 1997). In the instant case, the circuit court awarded Fistes $37,637.17 in damages and $6,237.55 in prejudgment interest (for a total of $43,874.72) and $10,359.60 in attorneys' fees. The circuit court did not err in awarding attorneys' fees of $10,359.60, which was less than 25% of the combined damages and prejudgment interest awards.
Therefore,
The Third Amended Judgment filed on June 15, 2007 in the Circuit Court of the Third Circuit is affirmed.
NOTES
[1] Although Kobayashi is pro se, he is an attorney by training and experience and is thus charged with greater knowledge of applicable court procedures than the average pro se party.
[2] The Honorable Elizabeth A. Strance presided.
[3] We do not address Kobayashi's ADA claim where he fails to cite to anything in the record. HRAP Rule 28(b)(7).