\* \* \* **FOR PUBLICATION** \* \* \*

in West's Hawai'i Reports and the Pacific Reporter

NO. 28840

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

KONA VILLAGE REALTY, INC.; BRENDA TSCHIDA; AND
ROBERT TSCHIDA, Respondents/Plaintiffs-Appellees,

vs.

SUNSTONE REALTY PARTNERS, XIV, LLC; and SUNSTONE
REALTY PARTNERS, IX, LLC, Petitioners/Defendants-Appellants,

and

SUNSTONE REALTY PARTNERS, LLC; SUNSTONE REALTY, LLC;
CURTIS D. DEWEESE, an individual; MICHELLE MATUSEK, an
individual; RICK WILSON, an individual, Respondents/
Defendants-Appellees.

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CIV. NO. 05-1-88K))

ORDER AFFIRMING THE JUDGMENT OF THE INTERMEDIATE
COURT OF APPEALS, FILED JANUARY 25, 2010
(By: Moon, C.J., Nakayama and Duffy, JJ.;
Acoba, J., dissenting, with whom Circuit Judge Crandall,
in place of Recktenwald, J., recused, joins)

Petitioners/defendants-appellants Sunstone Realty

Partners, XIV, LLC and Sunstone Realty Partners, IX, LLC

[hereinafter, collectively, Sunstone] petitioned this court to

review the Intermediate Court of Appeals' (ICA) January 25, 2010

judgment on appeal, entered pursuant to its June 29, 2009

published opinion. Therein, the ICA affirmed the Circuit Court

of the Third Circuit's October 8, 2007 order granting

respondents/plaintiffs-appellees Kona Village Realty, Inc.,

Brenda Tschida, and Robert Tschida [hereinafter, collectively,

-1-

Kona Village]'s motion to confirm arbitration award and denying Sunstone's motion to vacate or correct the arbitration award.

Upon careful review of the record and the papers submitted by the parties and having given due consideration to the arguments advanced and the issues raised,

IT IS HEREBY ORDERED that the ICA's January 25, 2010 judgment on appeal is affirmed based on the plain language of Hawai'i Revised Statutes (HRS) § 658A-21(b) (Supp. 2006) and public policy, as discussed <u>infra</u>.

HRS § 658A-21(b) provides that "[a]n arbitrator may award reasonable attorney's fees and other reasonable expenses of arbitration if such an award is <u>authorized by law in a civil action involving the same claim **or** by the agreement of the parties to the arbitration proceeding</u>." (Emphases added.) The use of the disjunctive "or" clearly presents two alternatives under which an arbitrator is authorized to award attorneys' fees in a Chapter 658A arbitration proceeding, <u>i.e.</u>, (1) under the law applicable in a civil action involving the same claim <u>or</u> (2) pursuant to an agreement of the parties. Thus, the plain language of the statute dictates that an examination of <u>both possibilities</u> is required.

In the case at bar, an award of attorneys' fees is authorized under <u>both</u> (1) the law applicable in a civil action of the same claim <u>and</u> (2) the agreement of the parties. Indeed, the law applicable here, <u>i.e.</u>, HRS § 607-14 (Supp. 2009), authorizes

an award of attorneys' fees in actions based on assumpsit, but limits the amount of the fees to 25% of the judgment, <u>and</u> the existing party-agreement authorizes the arbitrator to award attorneys' fees "in such amounts as the majority of the arbitrators shall determine at the time of the award." Based on the specific authorization in the parties' agreement, the award of attorneys' fees was valid and proper, notwithstanding the 25% fee limitation set forth in HRS § 607-14, and is supported by express public policy associated with arbitration proceedings.

This court has repeatedly recognized the policy that arbitration is meant to be "more expeditious and <u>inexpensive</u>" than traditional court processes. <u>See</u>, <u>e.g.</u>, <u>Mars Constructors, Inc. v. Tropical Enterprises, Ltd.</u>, 51 Haw. 332. 334, 460 P.2d 317, 318 (1969) ("It is generally considered that parties resort to arbitration to settle disputes more expeditiously and inexpensively than by a court action[.]"). However, this court has also recognized: (1) the freedom and autonomy of parties to enter into an agreement for arbitration; (2) their right to provide the scope of the arbitrators' authority within such agreements; and (3) the broad discretion afforded to, and the limited judicial review of, the arbitrator in rendering awards. In other words, "the scope of an arbitrators' authority is determined by agreement of the parties." <u>Tatibouet v. Ellsworth</u>, 99 Hawai'i 226, 235, 54 P.3d 397, 406 (2002); <u>see also</u>, <u>Clawson v. Habilitat, Inc.</u>, 71 Haw. 76, 78, 783 P.2d 1230, 1231 (1989).

In reviewing arbitration awards, this court has stated:

> [B]ecause of the legislative policy to encourage arbitration and thereby discourage litigation, <u>arbitrators have broad discretion in resolving the dispute.</u> Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts. In fact, where the parties agree to arbitrate, <u>they thereby assume all the hazards of the arbitration process</u>, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.

<u>Schmidt v. Pacific Benefit Srvs., Inc.</u>, 113 Hawai'i 161, 165-66, 150 P.3d 810, 814-15 (2006) (citing <u>Daiichi Hawai'i Real Estate Corp. v. Lichter,</u> 103 Hawai'i 325, 336, 82 P.3d 411, 422 (2003)) (emphases added). Here, the parties specifically agreed that the arbitrators were authorized to award attorneys' fees "in such amounts as the majority of the arbitrators shall determine at the time of the award." In so doing, the parties assumed the "hazards" of the arbitration process, including an award of attorneys' fees greater than that provided by statute.

HRS Chapter 658A is based upon the Uniform Arbitration Act (UAA) and was examined by the ICA in <u>In re Arbitration Between United Public Workers, AFSCME, Local 646</u>, 119 Hawai'i 201, 194 P.3d 1163 (App. 2008). Therein, the ICA recognized in part that:

> First, <u>arbitration is a consensual process in which autonomy of the parties who enter into arbitration agreements should be given primary consideration, so long as their agreements conform to notions of fundamental fairness</u>. Second, the underlying reason many parties choose arbitration is the relative speed, lower cost, and greater efficiency of the process. The law should take these factors, where applicable, into account. Finally, in most cases[,] parties intend the decisions of arbitrators to be final with minimal court involvement unless there is clear unfairness or a denial of justice. This contractual nature of arbitration means that the provision to vacate awards in Section 23 [of

the UAA] is limited. <u>This is so even where an arbitrator may award attorneys' fees, punitive damages or other exemplary relief under Section 21 [of the UAA]</u>.

<u>Id.</u> at 210, 194 P.3d at 1172 (citing Prefatory Note, 7 U.L.A. 2-3) (emphases added) (ellipses omitted). The recognized autonomy of parties to enter into an arbitration agreement (which can include a provision regarding attorneys' fees) is directly correlated to and stems from the constitutionally protected right of freedom to contract. In recognizing such a right, this court has stated:

> In general, parties may contract as they wish, and courts will enforce their agreements without passing on their substance. The principle of freedom of contract is itself rooted in the notion that <u>it is in the public interest to recognize that individuals have broad powers to order their own affairs by making legally enforceable promises</u>.

<u>City Exp., Inc. v. Express Partners</u>, 87 Hawai'i 466, 470, 959 P.2d 836, 840 (1998) (citing Restatement of Contracts (Second) Introductory Note to Chapter 8 (1979)); <u>see</u> <u>also</u> <u>Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.</u>, 115 Hawai'i 232, 167 P.3d 225 (2007) (recognizing the freedom to contract in the context of recoverable damages for negligence and expressing that "[c]ontracting parties are free to adjust their respective obligations to satisfy their mutual expectations") (citation omitted)). By its plain and express language that an award of attorneys' fees can be authorized by agreement of the parties, HRS § 658A-21(b) clearly embodies the policy that parties are

free to enter into arbitration agreements and, in general, govern

the applicable terms.

Furthermore, the UAA's commentary to Section 21(b) -- a

provision identical to HRS § 658A-21(b) -- states:

> (1) "Section 21(b) authorizes arbitrators to award
> reasonable attorneys' fees and other reasonable expenses of
> arbitration where such would be allowed by law in a civil
> action" and (2) "in addition, parties may provide for the
> remedy of attorneys' fees and other expenses in their
> agreement even if not otherwise authorized by law."

Such commentary -- specifically, the provision that attorneys'

fees may be agreed upon **"even if** not otherwise authorized by law"

-- confirms that parties can permissibly contract for attorneys'

fees that are outside the purview of applicable law.  The

commentary additionally confirms that attorneys' fees need not be

authorized by law to be provided for in a party agreement.  As

such, Section 21(b) of the UAA -- like HRS § 658A-21(b) -- also

embodies the principle that parties have the freedom to contract,

i.e., they have the right to set forth or provide for fees in an

arbitration agreement "even if" such remedy is not "otherwise

authorized" by a provision of law.

Finally, the existence of statutory language in HRS

§ 607-14 that limits the award of attorneys' fees in court

actions for assumpsit draws attention to the fact that the

legislature could have injected similar language into Chapter 658

generally, or HRS § 658A-21(b) specifically, but declined to do

so.  In other words, the fact that HRS § 607-14 specifically

limits awards to 25% of the judgment in assumpsit actions and

that no such language is included in HRS § 658A-21(b) demonstrates that the legislature did not intend a similar limitation on arbitration awards. At the very least, the legislature has not evinced an intent one way or the other with respect to arbitration proceedings that decide actions in assumpsit. As stated by the ICA on direct appeal, "it is not the role of this court to establish a new rule of law mandating a cap on attorneys' fees awarded in arbitrations. This is a matter for legislative action or the parties' own agreements." See Kona Village, 121 Hawai'i 110, 116, 214 P.3d 1100, 1106 (App. 2009). Consequently, this court is left with the plain language of the statute and its related commentary from the UAA itself, which, as indicated supra, establish that awards of attorneys' fees can be valid and authorized based on a party agreement, even if the resulting award exceeds the "25% of the judgment" limitation included in HRS § 607-14.

DATED: Honolulu, Hawai'i, August 12, 2010.

Michael L. Lam and Margaret E. Parks (of Case Lombardi & Pettit), for petitioners/ defendants-appellants

Francis L. Jung (of Jung & Vassar), for respondents/ plaintiffs-appellees