**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000018
30-JUN-2025
10:26 AM
Dkt. 473 SO**

NO. CAAP-23-0000018

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ASSOCIATION OF APARTMENT OWNERS OF MOKULEIA SURF,
by and through its Board of Directors,
Plaintiff/Counterclaim Defendant-Appellee,
v.
MILICA BARJAKTAROVIC,
Defendant/Counterclaimant-Appellant
and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0000850)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Guidry, JJ.)

Self-represented Defendant/Counterclaimant-Appellant
Milica Barjaktarovic (**Barjaktarovic**) appeals from the following
judgment and orders entered in favor of Plaintiff/Counterclaim
Defendant-Appellee Association of Apartment Owners of Mokuleia
Surf, by and through its Board of Directors (**AOAO**), in the
Circuit Court of the First Circuit (**Circuit Court**):  (1) the
November 15, 2022 Final Judgment (**Judgment**); (2) the January 10,
2023 "Order Denying . . . Barjaktarovic's Motion to Alter Final
Judgment [sic] [Dkt. #231, 233] Confirmed by Judge Lisa W.
Cataldo in DPR Case No. 21-0471-A, Filed November 23, 2022"
(**Order Denying Motion to Alter Judgment**); (3) the January 10,
2023 "Order Denying . . . Barjaktarovic's Motion for a New Trial
Regarding Judge Lisa W. Cataldo's Order to Deny Ms.
Barjaktarovic['s] Motion to Vacate Arbitration Decision and Award

[JEFS Dkt. #190] and to Grant AOAO's Motion to Confirm [Dkt. #188] and the Resulting Judgment in DPR Case No. 21-0471-A, Filed November 23, 2022" (**Order Denying Motion for New Trial**); and (4) the January 10, 2023 "Order Denying . . . Barjaktarovic's Motion to Stay the Execution of Judgment [sic] Until Ruling of Post Judgment [sic] Motions in DPR Case No. 21-0471-A, Filed November 23, 2022" (**Order Denying Motion to Stay**).[1] Barjaktarovic also appears to challenge the Circuit Court's:  (1) October 5, 2022 "Order Granting [AOAO's] Motion to Confirm Arbitration Decision and Award in DPR Case No. 21-0471-A, Filed July 1, 2022 [JEFS Dkt. 131]"; and (2) October 5, 2022 "Order Denying . . . Barjaktarovic's Motion to Vacate Arbitration Decision and Award in DPR Case No. 21-0471-A, Filed July 29, 2022 [JEFS Dkt. 164]."

This appeal concerns the June 27, 2022 Arbitration Decision and Award (**Arbitration Award**), which, among other things, ordered Barjaktarovic to remove unapproved modifications to her Unit 301 in the Mokuleia Surf condominium project and pay the AOAO a total of $277,330.99 in attorneys' fees and costs. The AOAO moved the Circuit Court to confirm, and Barjaktarovic moved the Circuit Court to vacate, the Arbitration Award.

On October 5, 2022, the Circuit Court entered orders (1) granting the AOAO's motion to confirm the Arbitration Award, and (2) denying Barjaktarovic's motion to vacate the Arbitration Award.  On November 15, 2022, the Circuit Court entered the Judgment.

On appeal, Barjaktarovic raises fourteen points of error (**POEs**), some of which are repetitive, and most of which are difficult to discern.  In summary, Barjaktarovic appears to contend that:  (1) the Circuit Court erred in confirming the Arbitration Award because it was "based on faulty process" (**POE 1**); (2) the arbitrator, the Hon. Gail C. Nakatani (Ret.) (**Arbitrator**), was biased and ignored evidence that the AOAO had approved all modifications to Unit 301 (**POEs 2-5**); (3) the Arbitrator erroneously struck certain allegations from "the

---

[1]      The Honorable Lisa W. Cataldo presided.

revised counterclaim," as well as related evidence (**POE 6**); (4) the Arbitrator ignored evidence that the AOAO violated governing documents and law (**POE 7**); (5) the Arbitrator ignored that the AOAO "practiced selective enforcement" of its governing documents (**POEs 8 and 9**); (6) the Arbitrator "propagated grossly erroneous/made-up facts by the AOAO" to conclude that Barjaktarovic knew about unapproved modifications before purchasing Unit 301 (**POE 10**); (7) the Arbitrator colluded with the AOAO's "fraudulent statement that comparative negligence is part of the case," and improperly expanded the arbitration's scope by allowing the AOAO to "divert the hearings from key topics into 'a parade of shame,'" (**POE 11**); (8) the Arbitrator erroneously precluded witnesses from testifying against the AOAO (**POE 12**); (9) the Arbitration Award is not supported by evidence of damages caused by modifications to Unit 301 (**POE 13**); and (10) the Arbitrator erred in awarding the AOAO its attorneys' fees and did not allow Barjaktarovic to object to submitted invoices (**POE 14**).[2/] We note that Barjaktarovic presents no separate points of error or argument regarding the Order Denying Motion to Alter Judgment, the Order Denying Motion for New Trial, and the Order Denying Motion to Stay. Any such points or arguments are thus deemed waived. See HRAP Rule 28(b)(4), (7).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Barjaktarovic's contentions as follows, and affirm.

---

[2/] These are the POEs stated in the first 35 pages of Barjaktarovic's 250-plus page opening brief, filed on April 27, 2023. The opening brief fails in material respects to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(a) and (b). For example, the opening brief includes over 200 pages of "appendices" that, among other things, present additional POEs and argument, in violation of HRAP Rule 28(a), (b)(4), and (b)(10). These additional POEs and argument are disregarded. The AOAO filed its answering brief in response to the opening brief on July 6, 2023.

On May 4, 2023, Barjaktarovic filed, without leave of court, an "Opening Brief errata," which purports to add record citations to a point of error, but which actually adds two points of error and also makes other substantive changes to the opening brief, in violation of HRAP Rule 28(a) and (b). The May 4, 2023 "errata" document is disregarded.

On February 10, 2025, Barjaktarovic filed, without leave of court, an "amended opening brief," in violation of HRAP Rule 28(a) and (b). The February 10, 2025 amended opening brief is disregarded.

We review the Circuit Court's ruling on an arbitration award de novo.  <u>Tatibouet v. Ellsworth</u>, 99 Hawaiʻi 226, 233, 54 P.3d 397, 404 (2002).

"Judicial review of an arbitration award is confined to 'the strictest possible limits,' and a court may only vacate an award on the grounds specified in HRS § 658A-23 and modify or correct on the grounds specified in HRS § 658A-24."  <u>In re Haw. State Teachers Ass'n</u>, 140 Hawaiʻi 381, 391, 400 P.3d 582, 592 (2017) (brackets omitted) (quoting <u>State of Haw. Org. of Police Officers (SHOPO) v. Cnty. of Kauaʻi</u>, 135 Hawaiʻi 456, 461, 353 P.3d 998, 1003 (2015)).  "[C]ourts have no business weighing the merits of the award."  <u>Id.</u> at 392, 400 P.3d at 593 (quoting <u>Schmidt v. Pac. Benefit Servs., Inc.</u>, 113 Hawaiʻi 161, 165-66, 150 P.3d 810, 814-15 (2006)).  Parties who agree to arbitrate assume all hazards of the process, including the risk the arbitrator "may make mistakes in the application of law and in their findings of fact."  <u>Tatibouet</u>, 99 Hawaiʻi at 233, 54 P.3d at 404 (quoting <u>Wayland Lum Constr., Inc. v. Kaneshige</u>, 90 Hawaiʻi 417, 422, 978 P.2d 855, 860 (1999)).

## A.    Alleged Deficiencies in the Arbitrator's Findings of Fact and Conclusions of Law

Several of Barjaktarovic's POEs challenge the weight or sufficiency of the evidence, or the findings of fact and conclusions of law, supporting the Arbitration Award.  For example, POEs 2 through 5 assert that the Arbitrator ignored evidence that was presented or otherwise "failed to notice" that modifications to Unit 301 were approved by the Board; POEs 7 though 9 assert that the Arbitrator ignored evidence that the Board violated and selectively enforced its governing documents; POE 10 asserts that the Arbitrator "propagated" erroneous facts; and POE 13 asserts that the Arbitration Award is not supported by evidence of damages.

As a threshold matter, the POEs and related argument do not identify the specific evidence that was allegedly ignored, state where in the record it is, or explain how it was material to Barjaktarovic's claims or defenses.  <u>See</u> HRAP Rule 28(b)(4); <u>Hawaiʻi Ventures, LLC v. Otaka, Inc.</u>, 114 Hawaiʻi 438, 480, 164

4

P.3d 696, 738 (2007) ("[T]his court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (quoting Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004))). In any event, the supreme court has made clear that "in reviewing an arbitration award, circuit courts are powerless to correct an arbitrator's findings of fact even if clearly erroneous, or an arbitrator's rulings on the law, even if wrong." Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 42, 358 P.3d 1, 14 (2015) (citing, among other cases, Tatibouet, 99 Hawaiʻi at 236, 54 P.3d at 407 ("It is well settled that arbitration awards may not be vacated if the arbitrators commit a legal or factual error in reaching its final decision." (ellipsis omitted))); Gadd v. Kelley, 66 Haw. 431, 443, 667 P.2d 251, 259 (1983) ("Even if the arbitrators had erred[,] the court is powerless to vacate the award as long as the arbitrators' actions did not rise to the level of the grounds specified in HRS § 658-9(4)." (original ellipsis and brackets omitted)). Similarly, a lack of sufficient evidence supporting an arbitration award or that the award is contrary to the evidence adduced do not constitute grounds for vacating the award. Kim v. Mel Cummins Bldg. Contractor, Inc., 57 Haw. 186, 187, 552 P.2d 1117, 1117-18 (1976).

POEs 2 through 5, 7 though 10, and 13 are therefore without merit. The Circuit Court did not err in declining to correct alleged deficiencies in the Arbitrator's findings of fact and related conclusions of law.

**B.    Alleged Striking of Allegations and Exclusion of Evidence**

Barjaktarovic contends that the Arbitrator improperly excluded certain allegations and evidence. In POE 6, she asserts that the Arbitrator "erroneously struck seven . . . allegations from the revised counterclaim, and thus all related evidence, and erroneously refused exhibits . . . 58, 59, 91 into evidence[.]" In POE 12, she contends that the Arbitrator erroneously precluded certain "AOAO witnesses" from testifying against the AOAO. She identifies only Bryn James.

5

As to the stricken allegations, Arbitration Order No. 1 allowed Barjaktarovic to file an amended counterclaim, but also provided that it "shall not include additional/new claims or additional parties[.]"  Thereafter, Barjaktarovic, who was then represented by counsel, submitted an amended counterclaim that contained "new/additional factual allegations, claims, and prayers for relief that were not specifically identified in the [initial] Counterclaim."  The Arbitrator struck some, but not all, of the new factual allegations.  This decision was within the scope of the Arbitrator's authority, as defined by the parties' arbitration agreement.  Specifically, the parties agreed, among other things, "to follow and abide by the [Dispute Prevention & Resolution, Inc. (**DPR**)] Arbitration Rules, Procedures & Protocols" and that "the Arbitrator shall determine all issues submitted to arbitration by the parties and may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law."  See Wayland Lum Const., 90 Hawaiʻi at 422, 978 P.2d at 860 (concluding that the parties intended under their arbitration agreement to give the arbitrator the authority to establish an appropriate procedure to carry out the arbitration).

As to the allegedly excluded exhibits, Barjaktarovic does not state where in the record they are, or explain how they were material to Barjaktarovic's claims or defenses.  As to the allegedly excluded testimony, Barjaktarovic does not cite any offer of proof she made to the Arbitrator as to what evidence would be adduced from the witness.  We are not obligated to search the record for this information.  See Hawaii Ventures, LLC, 114 Hawaiʻi at 480, 164 P.3d at 738.

In short, Barjaktarovic has not shown that the Arbitrator "refused to consider evidence material to the controversy[.]"  HRS § 658A-23(a)(3) (2016).  The Circuit Court did not err in denying Barjaktarovic's motion to vacate based on allegedly excluded evidence.

6

**C.    Alleged Exceeding of Arbitrator's Powers**

Barjaktarovic contends in POE 11 that the Arbitrator admitted evidence of Barjaktarovic's comparative negligence over her objection, and "expanded the scope" of the Arbitration by allowing the AOAO to "divert hearings from key topics into 'a parade of shame.'"

Again, the Arbitration Agreement gave the Arbitrator the authority to "determine all issues submitted to arbitration by the parties . . . ."  Barjaktarovic acknowledged below that the AOAO asserted comparative negligence as an affirmative defense to her initial counterclaim.  Overruling her objection regarding evidence of comparative negligence was within the Arbitrator's authority.

Barjaktarovic has not shown that the Arbitrator "exceeded the arbitrator's powers."  HRS § 658A-23(a)(4).  The Circuit Court did not err in denying Barjaktarovic's motion to vacate on this basis.

**D.    Alleged Bias and Misconduct by the Arbitrator**

Barjaktarovic appears to contend generally that the Arbitrator exhibited bias and engaged in misconduct.  POE 1, for example, asserts that the Circuit Court "rubber stamped" the Arbitration Award, ignoring that it was "based on faulty process, including unfair trial, testimony without evidence and gross errors, denial of material evidence, violation of mandatory laws, rules and regulations . . . ."  POE 2 refers to the Arbitrator's "brazen bias" in allegedly ignoring evidence.

Barjaktarovic has not shown that there was "evident partiality by [the A]rbitrator" or "[m]isconduct by [the A]rbitrator prejudicing [Barjaktarovic's] rights."  HRS § 658A-23(a)(2).  The Circuit Court did not err in denying Barjaktarovic's motion to vacate on this basis.

**E.  Alleged Error in Awarding Attorneys' Fees**

Barjaktarovic asserts in POE 14 that the Arbitrator did "not allow opposition to attorneys' invoices submitted."  She further contends that the Arbitrator was not authorized to award

"counterclaim attorney fees" under HRS § 514B-157 because Barjaktarovic initiated mediation with the AOAO.

The record shows that Arbitration Order No. 3 set a schedule for post-hearing briefing, including an April 21, 2022 deadline for declarations for attorneys' fees and costs. The same order set a May 5, 2022 deadline for the parties to file, among other things, a "Reply to Post Arbitration Brief" and a "Supplemental Declaration of Attorneys' Fees and Costs." Barjaktarovic's contention that she was not allowed to oppose "attorneys' invoices" is without merit.

HRS § 658A-21(b) (2016) states that an arbitrator "may award reasonable attorney's fees and other reasonable expenses of arbitration if such an award is authorized by law in a civil action involving the same claim <u>or by the agreement of the parties to the arbitration proceeding</u>." (Emphasis added.) "The use of the disjunctive 'or' clearly presents two alternatives under which an arbitrator is authorized to award attorneys' fees in a Chapter 658A proceeding, *i.e.*, (1) under the law applicable in a civil action involving the same claim *or* (2) pursuant to an agreement of the parties." <u>Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC</u>, 123 Hawaiʻi 476, 476-77, 236 P.3d 456, 456-57 (2010).

Here, the Arbitration Agreement states in relevant part:

> [T]he Arbitrator shall determine all issues submitted to arbitration by the parties and may grant any and all remedies that the Arbitrator determines to be just and appropriate under the law. In the Award of Arbitrator, the Arbitrator shall issue a determination on the issue of all arbitration-related fees and costs, including: Arbitrator's compensation and expenses; DPR's fees and expenses; and, if provided for in the **parties' agreement**, the Submission to Arbitration, or applicable laws or statutes, attorney's fees and costs.

(Emphasis added.) The Arbitrator cited Article V, Section 5 of the By-Laws as authorizing the award of attorneys' fees. The By-Laws make an apartment owner liable for the AOAO's attorneys' fees incurred to enforce the Declaration and By-Laws. The arbitrator was thus authorized to determine attorneys' fees pursuant to the parties' agreement. See <u>Kona Village Realty, Inc.</u>, 123 Hawaiʻi at 477, 236 P.3d at 457. The parties assumed

the "hazards" of this process. <u>Id.</u>

The Circuit Court did not err in denying the motion to vacate on the ground that the award of attorney's fees exceeded the Arbitrator's authority.

For the reasons discussed above, the Circuit Court's Judgment, Order Denying Motion to Alter Judgment, Order Denying Motion for New Trial, and Order Denying Motion to Stay are affirmed.

It is further ordered that the June 14, 2025 Motion to Retain Oral Argument and all other pending motions are denied.[3]

DATED:  Honolulu, Hawaiʻi, June 30, 2025.


On the briefs:

Milica Barjaktarovic,
Self-represented Defendant/
Counterclaimant-Appellant.

James Shin,
James R. Ferguson,
Jodie D. Roeca, and
Nicholas K. Lee
(Roeca Luria Shin LLP)
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[3]    With respect to the January 10, 2025 Motion to Recuse, we deny the motion as to Associate Judges Nakasone and McCullen. <u>See</u> June 30, 2025 Order Denying Motion to Recuse Associate Judges Hiraoka, Wadsworth and Guidry.