In the Matter of the Arbitration Between **JAMES CLAWSON,**
Petitioner–Appellant, and **HABILITAT, INC.,** Respondent–
Appellee

NO. 13596

(S.P. NO. 88–0408)

DECEMBER 8, 1989

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI, AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY WAKATSUKI, J.

Appellant James Clawson had hired Appellee Habilitat, Inc. to construct a retaining wall and driveway at his residence. A dispute arose between the parties regarding the construction of the wall and driveway. Pursuant to the construction contract, the dispute was submitted to arbitration. While the arbitration process was proceeding, the parties nevertheless were attempting to settle the dispute. Because the parties believed that a settlement agreement was imminent, they agreed that no arbitration award would be rendered until after 3:00 p.m. on October 21, 1988. The arbitrator's decision was released on November 1, 1988.

Clawson filed a motion in the circuit court to vacate the arbitrator's award. According to Clawson, the parties had reached a binding settlement agreement prior to the release of the arbitrator's award. Habilitat, Inc. responded by filing a motion to confirm the arbitration award.

The circuit court confirmed the arbitration award. Clawson appeals.

We vacate the award.

### I.

"[J]udicial review of an arbitration award is confined to the 'strictest possible limits' and an arbitration award cannot be vacated unless it falls within the scope of [Hawaii Revised Statutes (HRS) § 658–9 (1985)]." *Gadd v. Kelley*, 66 Haw. 431, 441, 667 P.2d 251, 258 (1983).[1]

---

[1] HRS § 658–9 (1985) reads:

**Vacating award.** In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

    (1) Where the award was procured by corruption, fraud, or undue means;

Clawson contends that the arbitrator exceeded his powers in this case, therefore, the award must be vacated.

## A.

The scope of an arbitrator's authority is determined by agreement of the parties. An arbitrator must act within the scope of the authority conferred upon him by the parties and cannot exceed his power by deciding matters not submitted. *Brennan v. Stewarts' Pharmacies, Ltd.*, 59 Haw. 207, 579 P.2d 673 (1978); *Totem Marine Tug & Barge, Inc. v. North Am. Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979); *Retail Store Employees Union Local 782 v. Sav–On Groceries*, 508 F.2d 500 (10th Cir. 1975); *School City of East Chicago, Ind. v. East Chicago Fed'n of Teachers, Local #511, A.F.T.*, 422 N.E.2d 656, 662 (Ind. App. 1981).

As with other contractual agreements, the parties may modify the agreement defining the scope of the arbitrator's powers and authority. *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 584 (5th Cir. 1980); *Schlaifer v. Sedlow*, 51 N.Y.2d 181, 185, 433 N.Y.S.2d 67, 69–70, 412 N.E.2d 1294, 1296 (1980).

---

(2) Where there was evident partiality or corruption in the arbitrators, or any of them;

(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final, and definite award, upon the subject matter submitted, was not made.

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators.

In this case the parties originally agreed to submit Clawson's claims and Habilitat's counterclaims to arbitration. However, the agreement was later modified in that the arbitration of their respective claims would be retracted if the parties reached a settlement agreement by 3:00 p.m. on October 21, 1988.

### B.

The question is whether a settlement agreement, in fact, had been reached by the parties prior to 3:00 p.m. of October 21, 1988.

The circuit court has the duty to initially determine whether an arbitration award should be vacated on any of the grounds set forth in HRS § 658-9. Although Rule 52 of the Hawaii Rules of Civil Procedure (HRCP) intimates that findings of fact and conclusions of law are not necessary on a motion to vacate an arbitration award,[2] findings of fact and conclusions of law on motions to vacate arbitration awards should be entered by circuit courts when appropriate. See *Gadd v. Kelley*, 66 Haw. 431, 667 P.2d 251 (1983), and *Brennan v. Stewarts' Pharmacies, Ltd.*, 59 Haw. 207, 579 P.2d 673 (1978), where findings of fact and conclusions of law were entered by the circuit courts on motions to vacate arbitration awards.

Here, without proper findings of fact and conclusions of law, we are unable to determine whether the circuit court erred in denying appellant's motion to vacate the arbitration award. We hold that whenever material facts are in dispute in determining whether an arbitration award should be vacated, the circuit court should conduct an evidentiary hearing and render findings of fact and

---

[2] Rule 52(a), HRCP, states in pertinent part:

In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon[.] . . . Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(b).

conclusions of law in support of granting or denying the motion to vacate the arbitration award.

This case is remanded to the circuit court for entry of findings of fact and conclusions of law to determine whether the parties had reached a settlement agreement prior to 3:00 p.m. on October 21, 1988, thereby divesting the arbitrator of power and authority to render an award.

The order confirming the arbitration award is vacated and this case is remanded for proceedings not inconsistent with this opinion.

*Andrew Scott Winer* (Carlsmith, Wichman, Case, Mukai and Ichiki) on the brief for Petitioner–Appellant.

*Thomas Grande* (*Stanley E. Levin* with him on the brief of Davis & Levin) for Respondent–Appellee.