KEMPER & WATTS, Plaintiff-Appellee/Cross-Appellant,
v.
GORDON T.H. CHING, individually, Defendant-Appellant/Cross-Appellee, and
GORDON T.H. CHING, in the Capacity as Personal Representative of the Estate of Esther Ching, Defendant/Cross-Appellee.
No. 28221.
Intermediate Court of Appeals of Hawaii.
December 29, 2009.
On the briefs:
Ted H.S. Hong, for Defendant-Appellant/Cross-Appellee.
Edward C. Kemper, for Plaintiff-Appellee/Cross-Appellant.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and FUJISE, JJ.
Defendant-Appellant/Cross-Appellee Gordon T.H. Ching (Ching) appeals, in his individual capacity, from the January 25, 2007 amended judgment of the Circuit Court of the First Circuit (circuit court)[1] in favor of Plaintiff-Appellee/Cross-Appellant Kemper & Watts (K&W). K&W cross-appeals from the same judgment.
After a careful review of the issues raised on appeal, the relevant authority, and the record, we resolve the parties' respective appeals as follows:

A. Ching's Appeal.
1. We reject Ching's argument that the circuit court erred in compelling the parties to arbitrate a fee dispute and confirming the arbitration award because there was no agreement to arbitrate the fee dispute. Prior to the arbitration, both Ching and K&W signed a memorandum from the arbitrator, which stated, among other things, that, "Kemper & Watts, Gordon Ching as personal representative of his mother's estate and Gordon Ching individually, all consent to arbitration governed by the Hawaii State Bar Association, Attorney-Client Relations Committee Rules for the Arbitration of Fee Disputes."
2. Ching argues that it was error to confirm an arbitration award that violated public policy. Although "there is a limited public policy exception to the general deference given arbitration awards[,]" Inlandboatmen's Union of the Pacific v. Sause Brothers, Inc., 77 Hawai`i 187, 194, 881 P.2d 1255, 1262 (App. 1994), that exception has been narrowly defined:
[T]he test established for application of the public policy exception requires a court to determine that (1) the award would violate some explicit public policy that is well defined and dominant, and that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests, and (2) the violation of the public policy is clearly shown.
Id. at 193-94, 881 P.2d at 1261-62 (citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43 (1987)) (internal quotation marks, brackets, and ellipses omitted).
Here, Ching's proffered "well defined public policy against awarding fees absent an agreement," is not supported by the authority he cites. See, Id., (public policy challenge to arbitrators award rejected in light of the failure to show arbitrator's award violated federal statute). Moreover, Ching fails to present any authority for the proposition that an agreement to provide legal services must be in writing. As Ching acknowledges in his opening brief, the common law clearly recognizes an attorney's right to collect the fair value of his or her services even in the absence of a written retainer agreement. Restatement (Third) of the Law Governing Lawyers § 39 (2000). Therefore, we find no merit in this argument.
3. Ching argues that the arbitrator exceeded his powers because he failed to accurately determine how much was owed to K&W. While it is true that "[a]n arbitrator must act within the scope of the authority conferred upon him by the parties and cannot exceed his power by deciding matters not submitted[,]" Clawson v. Habilitat, Inc., 71 Haw. 76, 78, 783 P.2d 1230, 1231 (1989) (citations omitted), the record supports the conclusion that the arbitrator acted within his authority.
The parties agreed that the arbitration involved "2 claims for legal fees and costs by Kemper & Watts. One is against Gordon Ching as personal representative of his mother's estate (approx. amount is $52,531.99 w/o int. or collection exp.) and the other is against Gordon Ching individually (approx. amount is $40,000 w/o int. or collection exp.)." Subsequent to the arbitration hearing, the arbitrator specifically determined that Ching owed K&W $57,781.99, on behalf of the Estate, and $41,966.74, individually, as stated in the arbitration award. Though Ching challenges the arbitrator's analysis, "the courts have no business weighing the merits of the award." Schmidt v. Pac. Benefit Servs., Inc., 113 Hawai`i 161, 166, 150 P.3d 810, 815 (2006).

B. K&W's appeal.
K&W argues that the circuit court should have ordered the payment of K&W's attorney fees. While Ching is correct in noting that under Hamada v. Wescott, 102 Hawai`i 210, 218, 74 P.3d 33, 41 (2003), Hawaii Revised Statutes (HRS) § 607-14 (Supp. 2008) "applies only to court actions and not arbitration proceedings," K&W sought an award of fees incurred in the court action to confirm the arbitration award under HRS § 658A-25 (Supp. 2008).[2] The plain language of this provision authorized attorney's fees and costs in contested proceedings to confirm the arbitration award. Ching does not argue that the proceeding was uncontested and appeared at the hearing on the motion, arguing against confirmation of the arbitrator's award.
K&W provided two declarations documenting the time spent by the attorney in seeking confirmation of the arbitration award. The circuit court did not explicitly rule on K&W's fee request, but entered the judgment confirming the confirmation award without granting attorney's fees for the confirmation proceedings and specified that "all other claims, counterclaims and cross-claims are dismissed." Thus, while it appears that the circuit court denied the attorney's fee request, we do not have the benefit of the basis for the circuit court's exercise of discretion to deny the fee request. We must therefore remand the case for the circuit court to place its reasons for the denial in the record. "Generally, judges must `specify the grounds for awards of attorneys' fees and the amounts awarded with respect to each ground. Without such an explanation, we must vacate and remand awards for redetermination and/or clarification.'" City & County of Honolulu v. Hsiung, 109 Hawai`i 159, 179, 124 P.3d 434, 454 (2005) (quoting Price v. AIG Hawai`i Ins. Co., Inc., 107 Hawai`i 106, 113, 111 P.3d 1, 8 (2005)).
Therefore,
IT IS HEREBY ORDERED that the Circuit Court of the First Circuit's January 25, 2007 amended judgment is vacated and the matter remanded to the circuit court for a ruling on K&W's request for attorney's fees in pursuing its motion to confirm the July 7, 2006 arbitration award.
NOTES
[1] The Honorable Sabrina S. McKenna presided.
[2] HRS § 658A-25 now provides, as it did at the time of K&W's motion,

Judgment on award; attorney's fees and litigation expenses. (a) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.
(b) A court may allow reasonable costs of the motion and subsequent judicial proceedings.
(c) On application of a prevailing party to a contested judicial proceeding under section 658A-22, 65823, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.
HRS § 658A-22 (Supp. 2008) now provides, as it did at the time of K&W's motion,
After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.