**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000403
27-NOV-2024
12:22 PM
Dkt. 80 SO**

NOS. CAAP-20-0000437 AND CAAP-21-0000403

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CAAP-20-0000437

IN THE MATTER OF THE ARBITRATION BETWEEN MOIR
FAMILY LIMITED PARTNERSHIP, Petitioner-Appellant, and
ASSOCIATION OF BEACHHOUSE OWNERS OF KIAHUNA PLANTATION
(PHASE IIIA and IV), a Hawaiʻi non-profit association;
MOANA CORPORATION, a California corporation,
Respondents-Appellees
(CASE NO. 5CSP-20-0000006)


CAAP-21-0000403

IN THE MATTER OF THE ARBITRATION BETWEEN
Peter Baldwin, John Horwitz, Matthew Guard and
George R. Robinson, Co-trustees of the ERIC A. KNUDSEN
TRUST, KVH LLC, CGB PARTNERS, MAKANA PROPERTIES LLC,
MOIR FAMILY LIMITED PARTNERSHIP, AUKAHI FARM LLC,
Jocelyn Knudsen, Trustee of the KNUDSEN IRREVOCABLE TRUST,
dated December 12, 2012; and KAMALIʻI FAMILY LIMITED
PARTNERSHIP, Petitioners-Appellants,
and
ASSOCIATION OF BEACHHOUSE OWNERS OF KIAHUNA PLANTATION
(PHASE III-B), a Hawaii non-profit association,
on behalf of 36 separate Lessees for the premises
commonly known as Kiahuna Plantation Phase III-B, and
as more particularly described in the legal descriptions
of the 36 separate Apartment Leases - TMK (4) 2-8-014:018
(Koloa, Kauai, Hawaiʻi), Respondent-Appellee
(CASE NO. 5CSP-21-0000004)


APPEALS FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT

NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

<u>SUMMARY DISPOSITION ORDER</u>
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

These consolidated appeals arise from disputes concerning two arbitration awards. One award determined the annual ground rent to be paid to the lessor, Petitioner-Appellant Moir Family Limited Partnership (**MFLP**), for Phases III-A and IV of the Kiahuna Plantation on Kauaʻi (the **Phase III-A/IV Arbitration Award**). The other award determined the annual ground rent to be paid to the lessors for Phase III-B[1] of the development (the **Phase III-B Arbitration Award**).

Respondent-Appellee Association of Beachhouse Owners of Kiahuna Plantation (Phase IIIA and IV) (**AOBO III-A/IV**) represented the interests of the lessee/sublessor, Respondent-Appellee Moana Corporation, for certain purposes, and the interests of the sublessee unit owners in the arbitration related to Phase III-A and IV (the **Phase III-A/IV Arbitration**).[2] Respondent-Appellee Association of Beachhouse Owners of Kiahuna Plantation (Phase III-B) (**AOBO III-B**) represented the interests of the lessee unit owners in the arbitration related to Phase III-B.

In case no. 5CSP-20-0000006, MFLP filed a motion to vacate the February 27, 2019 Phase III-A/IV Arbitration Award or, in the alternative, for an evidentiary hearing. On June 5, 2020, the Circuit Court of the Fifth Circuit (**Circuit Court**) entered an order denying the motion to vacate, denying the request for an evidentiary hearing, and confirming the Phase III-A/IV Arbitration Award (**Order Denying Motion to Vacate 1**). On July 7, 2020, the Circuit Court entered a final judgment (**Judgment 1**)

---

[1] The Phase III-B lessors are Petitioners-Appellants Peter Baldwin, John Horwitz, Matthew Guard, and George R. Robinson, Co-trustees of the Eric A. Knudsen Trust; KVH LLC; CGB Partners; Makana Properties LLC; MFLP; Aukahi Farm LLC; Jocelyn Knudsen, Trustee of the Knudsen Irrevocable Trust, dated December 12, 2012; and Kamaliʻi Family Limited Partnership (collectively, **Phase III-B Lessors**).

[2] Although the term "Phase IIIA" is not hyphenated in the name of the corresponding Respondent-Appellee in the CAAP-20-0000437 caption, it is hyphenated in the Phase III-A/IV Arbitration Award and in the text of the July 7, 2020 final judgment referenced below. We thus hyphenate the phrase throughout this Summary Disposition Order.

2

confirming the award.[3] In CAAP-20-0000437 (the **Phase III-A/IV Appeal**), MFLP appeals from the Order Denying Motion to Vacate 1 and Judgment 1.

In case no. 5CSP-21-0000004, Phase III-B Lessors filed a motion to vacate the November 9, 2020 Phase III-B Arbitration Award. On June 7, 2021, the Circuit Court entered an order denying the motion to vacate and confirming the Phase III-B Arbitration Award (**Order Denying Motion to Vacate 2**). On September 28, 2021, the Circuit Court entered a final judgment (**Judgment 2**) confirming the award and awarding AOBO III-B its attorneys' fees and costs. In CAAP-21-0000403 (the **Phase III-B Appeal**), Phase III-B Lessors appeal from the Order Denying Motion to Vacate 2 and Judgment 2.[4]

In the Phase III-A/IV Appeal, MFLP raises four points of error, contending that the Circuit Court erred in: (1) refusing to vacate the Phase III-A/IV Arbitration Award pursuant to HRS § 658A-23(a)(2)(A), based on arbitrator Chris Ponsar's (**Ponsar**) "evident partiality"; (2) refusing to vacate the award pursuant to HRS § 658A-23(a)(1), because the award was "procured by fraud, corruption or undue means"; (3) confirming the award and entering Judgment 1; and (4) refusing to order an evidentiary hearing.

In the Phase III-B Appeal, Phase III-B Lessors raise five points of error, contending that the Circuit Court erred in: (1) refusing to vacate the Phase III-B Arbitration Award pursuant to HRS § 658A-23(a)(2)(A), based on arbitrator Ponsar's "evident partiality"; (2) refusing to vacate the award pursuant to HRS § 658A-23(a)(2)(C), based on the arbitration panel's "misconduct in rendering an award that fails to meet the requirements of HRS § 466K-6(b)"; (3) refusing to order an evidentiary hearing; (4)

---

[3] The Honorable Randal G.B. Valenciano entered the Order Denying Motion to Vacate 1 and Judgment 1.

[4] Phase IIIB Lessors also challenge the Circuit Court's: (1) July 8, 2021 Order Granting [AOBO III-B]'s Petition for Award of Attorneys' Fees and Costs Pursuant to HRS § 658A-25(c); and (2) September 13, 2021 Order Establishing [AOBO III-B]'s Attorneys' Fees and Costs (collectively, the **Fee Orders**).

The Honorable Randal G.B. Valenciano entered the Order Denying Motion to Vacate 2, Judgment 2, and the Fee Orders.

granting AOBO III-B's attorneys' fees and costs; and (5) confirming the award and entering Judgment 2.

Because these appeals involve related issues and have overlapping parties, on May 11, 2022, we entered an order consolidating CAAP-20-0000437 and CAAP-21-0000403 under CAAP-20-0000437.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the contentions of MFLP and Phase IIIB Lessors as follows.

## I. Discussion

MFLP's fourth contention and Phase III-B Lessors' third contention are dispositive of their respective appeals. They argue that the Circuit Court erred in not ordering an evidentiary hearing to determine disputed issues of material fact regarding whether the respective arbitration awards should have been vacated. We agree.

The Hawaiʻi Supreme Court has repeatedly ruled that "whenever material facts are in dispute in determining whether an arbitration award should be vacated, the circuit court should conduct an evidentiary hearing and render findings of fact and conclusions of law in support of granting or denying a motion to vacate an arbitration award." Nordic PCL Const., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 43, 358 P.3d 1, 15 (2015) (brackets omitted) (quoting Clawson v. Habilitat, Inc., 71 Haw. 76, 79, 783 P.2d 1230, 1232 (1989)).

In Nordic, a subcontractor challenging an arbitration award filed a motion to vacate the award on several grounds, including (1) that the arbitrator acted with evident partiality by failing to disclose his relationship with a law firm that represented the opposing general contractor in the arbitration, and (2) because the award was "procured by corruption, fraud and other undue means." Id. at 36, 358 P.3d at 8. The general contractor filed a motion to confirm the award. Id. at 35, 358 P.3d at 7. No evidentiary hearing was held. Id. at 38, 358 P.3d at 10. The circuit court denied the motion to vacate and granted

4

the motion to confirm without explaining its reasoning or entering findings of fact and conclusions of law. Id. at 38, 43, 358 P.3d at 10, 15. On appeal, the supreme court ruled that because material facts were in dispute, "the circuit court should have conducted an evidentiary hearing and rendered findings of fact and conclusions of law." Id. at 44, 358 P.3d at 16. Further, because the circuit court did not explain the basis of its rulings on the record, the supreme court was unable to determine whether the circuit court erred in denying the subcontractor's motion to vacate. Id. at 31, 358 P.3d at 3. Because the supreme court was unable to appropriately review the circuit court's ruling, it vacated the circuit court's judgment and related orders confirming the arbitration award and denying the motion to vacate, and remanded the matter for the circuit court to conduct an evidentiary hearing and render findings of fact and conclusions of law. Id.

**A. Application to the Phase III-A/IV Appeal (Case No. 5CSP-20-0000006)**

In this case, MFLP moved to vacate the Phase III-A/IV Arbitration Award pursuant to HRS § 658A-23(a) on the grounds that: (1) Ponsar acted with evident partiality by failing to disclose his ongoing substantial business relationship with AOBO III-A/IV's counsel, Bays Lung Rose & Holma (**BLRH**); and (2) Ponsar's nondisclosures indicated that the award was procured by fraud, corruption, or undue means. Alternatively, MFLP requested an evidentiary hearing in the event the Circuit Court found there was a genuine issue of material fact as to whether the award should be vacated on these grounds. MFLP filed declarations and multiple exhibits in support of the motion.

AOBO III-A/IV opposed the motion, arguing that: (1) because the three-arbitrator panel reached a unanimous decision, it could not be overturned; (2) MFLP could not show evident partiality; and (3) MFLP could not show that the award was procured through fraud, corruption or undue means. Regarding the latter argument, AOBO III-A/IV pointed out that HRS § 658A-23 imposes a 90-day deadline after notice of the award to file a

motion to vacate – here, February 27, 2019 – and that this deadline had expired about nine months before MFLP filed its motion to vacate. Under HRS § 658A-23(b), however, this 90-day deadline does not apply where "the movant alleges that the award was procured by corruption, fraud, or other undue means, in which case the motion shall be made within ninety days after the ground is known or by the exercise of reasonable care would have been known by the movant." AOBO III-A/IV argued that MFLP "cannot access the time exception because [MFLP] cannot demonstrate fraud, corruption, or undue means, and even if it could, [MFLP] failed to exercise reasonable care because it knew of Mr. Ponsar's engagements with BLRH's clients years ago." AOBO III-A/IV filed declarations and exhibits in support of its opposition.

In its reply, MFLP denied the legal and factual bases for AOBO III-A/IV's assertions. In particular, MFLP detailed the alleged undisclosed engagements of Ponsar by BLRH, argued based on the timeline and exhibits that Ponsar "knowingly conceal[ed]" his relationship with BLRH, and contended that Ponsar's "fortuitous participation in an unrelated matter involving MFLP's counsel" did not discharge his affirmative disclosure allegations.

In denying the motion to vacate, the Circuit Court stated in relevant part:

> [I]t's not unusual for an attorney to select someone that they have some kind of working relationship with.
>
> If that would be a basis for excluding a person, an attorney, from picking some arbitrator, appraiser, or what have you, then basically the attorney would never be able to pick someone that they had a working relationship with because the argument would be well, you had a relationship with them. You made money and you're hope is you're going to continue to make money, so that was the concern that I had.
>
> . . . .
>
> So I don't necessarily view that as a so-called conflict where the award should be vacated, and so that's the concern the Court had. Given all of that, the Court is going to deny the motion to vacate . . . ."

(Emphasis added.)

The court subsequently entered the Order Denying Motion to Vacate 1, which stated in relevant part: "The Court hereby finds that the alleged relationships between . . . Ponsar . . . and the law firm of [BLRH] or its clients do not rise to the level of evident partiality or fraud, corruption, or other undue means[.]" The court also denied MFLP's request for an evidentiary hearing.

Although the Circuit Court stated its ruling on the record, it appears to have denied the motion to vacate based on its conclusion that there was no "conflict," i.e., conflict of interest, rising to the level of evident partiality or fraud, corruption, or other undue means. That, however, is not the relevant standard for determining evident partiality or fraud in this context, where MFLP argued that Ponsar knowingly concealed his relationship with BLRH.

> In a nondisclosure case, "evident partiality is established where 'undisclosed facts demonstrate a reasonable impression of partiality.'" [Noel ]Madamba[ Contracting LLC v. Romero], 137 Hawaiʻi [1,] 10, 364 P.3d [518,] 527 [(2015)] (quoting Nordic, 136 Hawaiʻi at 51, 358 P.3d at 23). "Under this standard, a finding of evident partiality 'is not dependent on a showing that the arbitrator was actually biased, but instead stems from the nondisclosure itself.'" Narayan[ v. Ass'n of Apt. Owners of Kapalua Bay Condo.], 140 Hawaiʻi [75,] 84, 398 P.3d [664,] 673 [(2017)](quoting Madamba, 137 Hawaiʻi at 10, 364 P.3d at 527).
>
> . . . .
>
> The supreme court has held that "a neutral arbitrator's violation of statutory disclosure requirements under HRS § 658A-12(a) or (b) 'constitutes "evident partiality" as a matter of law.'" Narayan, 140 Hawaiʻi at 85, 398 P.3d at 674 (quoting Nordic, 136 Hawaiʻi at 50, 358 P.3d at 22).

Ass'n of Apt. Owners of Palm Villas at Mauna Lani Resort v. Constrx, Ltd., 150 Hawaiʻi 446, 455-56, 504 P.3d 1034, 1043-44 (App. 2022); see Low v. Minichino, 126 Hawaiʻi 99, 106-08, 267 P.3d 683, 690-92 (App. 2011) (adopting a three-part test for determining when fraud constitutes a basis for vacating an arbitration award). Because the Circuit Court did not directly address the issues raised in MFLP's motion to vacate, we are unable to determine whether the court erred in denying the motion. For example, it is unclear whether the court considered

and found that Ponsar did not violate his duty to reasonably investigate, disclose, and continually disclose, and/or did not knowingly conceal his relationship with BLRH.  In any event, based on the parties' evidentiary submissions, these questions involve disputed issues of material fact.

AOBO III-A/IV argues that MFLP's motion to vacate was untimely under HRS § 658A-23(b), and this court must affirm the Circuit Court's decision on that basis.  However, MFLP alleged that the Phase III-A/IV Arbitration Award was procured by fraud, corruption, or other undue means, invoking section 658A-23(b)'s exception to the 90-day deadline for a "motion . . . made within ninety days after the ground [wa]s known or by the exercise of reasonable care would have been known by [MFLP]."  AOBO III-A/IV argues that "there is no evidence in the [r]ecord that can establish . . . Ponsar's intent[,]" and that "[MFLP] had actual and constructive knowledge of the Clearly Waikoloa engagement and other matters" that were disclosed.  But based on the parties' evidentiary submissions, these questions involve disputed issues of material fact.

Where, as here, material facts are in dispute in determining whether an arbitration award should be vacated, "the circuit court should conduct an evidentiary hearing and render findings of fact and conclusions of law in support of granting or denying [a] motion to vacate the . . . award."  Nordic, 136 Hawaiʻi at 43, 358 P.3d at 15 (quoting Clawson, 71 Haw. at 79, 783 P.2d at 1232).  Accordingly, we remand this case to the Circuit Court to conduct an evidentiary hearing and render findings of fact and conclusions of law on MFLP's motion to vacate.

## B.   Application to the Phase III-B Appeal (Case No. 5CSP-21-0000004)

In this case, Phase III-B Lessors moved to vacate the Phase III-B Arbitration Award pursuant to HRS § 658A-23(a) on the grounds that:  (1) Ponsar acted with evident partiality by failing to disclose "he had stood to receive more than $150,000 in compensation from [AOBO III-B]'s counsel[, BLRH,] and failed to disclose his substantial business history with [BLRH]"; and

8

(2) the arbitration panel committed misconduct by rendering an award that failed to meet the requirements of HRS § 466K-6(b) and "[to] present the data, analyses, methodologies, and bases for their decision[.]" The evident partiality contention rested in part on the argument that Ponsar had concealed his dealings with BLRH during the Phase III-A/IV Arbitration. Alternatively, the Phase III-B Lessors requested an evidentiary hearing in the event the Circuit Court found there was a genuine issue of material fact as to whether the award should be vacated on these grounds. The Phase III-B Lessors filed declarations and multiple exhibits in support of their motion.

AOBO III-B opposed the motion, arguing that: (1) the arbitration panel "clearly satisfied HRS § 466K-6" by "provid[ing] 'information regarding' the 'data, methodologies, and analysis' that formed the basis of the Award'"; (2) Phase III-B Lessors' "evident partiality and fraud claims against . . . Ponsar" were "issue precluded" by the court's denial of the motion to vacate in case no. 5CSP-20-0000006; (3) because the three-arbitrator panel reached a unanimous decision, it could not be overturned; (4) Phase III-B Lessors could not show evident partiality; (5) there was no evident partiality because Phase III-B Lessors knew of Ponsar's engagements with BLRH's clients and failed to investigate; and (6) Phase III-B Lessors could not show that the award was procured through fraud, corruption, or undue means.

In their reply, Phase III-B Lessors denied the legal and factual bases for AOBO III-B's assertions, based in part on the relevant evidentiary submissions. Phase III-B Lessors also clarified that they were not seeking vacatur of the Phase III-B Arbitration Award due to fraud, corruption, or other undue means.

In denying the motion to vacate, the Circuit Court stated in relevant part:

> [S]o I do have some feeling, maybe a lot, of déjà vu all over again because some of the arguments are similar in the initial case that we have.
>
> . . . [S]o the ruling is that the -- based on the totality of the circumstances, there is insufficient reason to vacate the arbitration award. The Court also finds that the award is in compliance with the appropriate statutes. I am confirming the arbitration award.

The court subsequently entered the Order Denying Motion to Vacate 2, which stated in relevant part:

(1) The Court hereby finds that based on the totality of circumstances that there is no evident partiality on the part of . . . Ponsar . . . ;

(2) The Decision and Award of the Arbitrators, dated November 9, 2020, complied with the plain language requirements of [HRS] § 466K-6; [and]

(3) The Arbitrators did not commit misconduct[.]

The court also denied Phase III-B Lessors' request for an evidentiary hearing.

Although the Circuit Court generally stated its conclusions in denying the motion to vacate, because the court did not enter findings of fact or conclusions of law, the court's reasoning is not clearly stated on the record. See Nordic, 136 Hawaiʻi at 54, 358 P.3d at 26. It is unclear, for example, with respect to the evident partiality contention, whether the Circuit Court found that Ponsar did not violate his duty to reasonably investigate, disclose, and continually disclose, or found that despite a violation, Phase III-B Lessors' objection was not timely or had been waived. See id. at 31, 358 P.3d at 3. In any event, based on the parties' evidentiary submissions, these questions involve disputed issues of material fact. This court is not in the business of fact-finding. "[I]t is for the circuit court as factfinder . . . to determine whether reasonable inquiry and disclosure standards were met, and if not, whether the Arbitration Award should be vacated for this or any other reason alleged." Id. at 54, 358 P.3d at 26. Accordingly, we remand this case to the Circuit Court to conduct an evidentiary hearing and render findings of fact and conclusions of law on Phase III-B Lessors' motion to vacate.

In light of our disposition, we vacate the Fee Orders, as AOBO III-B is no longer the prevailing party.

## II. Conclusion

For the reasons discussed above, we vacate the following judgments and orders entered by the Circuit Court of the Fifth Circuit:

(1) in case no. 5CSP-20-0000006, the June 5, 2020 "Order Denying Petitioner Moir Family Limited Partnership's Motion to Vacate Arbitration Award or, in the Alternative, for Evidentiary Hearing" and the July 7, 2020 final judgment; and

(2) In case no. 5CSP-21-0000004, the June 7, 2021 "Order Denying Petitioners' Motion to Vacate Arbitration Award, Filed January 29, 2021"; the July 8, 2021 "Order Granting Respondent Association of Beachhouse Owners of Kiahuna Plantation (Phase IIIB)'s Petition for Award of Attorneys' Fees and Costs Pursuant to HRS § 658A-25(c), Filed May 17, 2021"; the September 13, 2021 "Order Establishing Respondent Association of Beachhouse Owners of Kiahuna Plantation (Phase IIIB)'s Attorneys' Fees and Costs"; and the September 28, 2021 "Final Judgment."

We remand these cases to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, November 27, 2024.


On the briefs:

/s/ Clyde J. Wadsworth
Presiding Judge

CAAP-20-0000437
Michael D. Tom, Lyle M. Ishida, and Ashley R. Shibuya (Tom Petrus & Miller, LLLC) for Petitioner-Appellant Moir Family Limited Partnership.

/s/ Karen T. Nakasone
Associate Judge

Bruce D. Voss and Grant Fasi Allison (Bays Lung Rose & Voss) for Respondent-Appellee Association of Beachhouse Owners of Kiahuna Plantation (Phase IIIA and IV).

/s/ Sonja M.P. McCullen
Associate Judge

CAAP-21-0000403
Michael D. Tom, Lyle M. Ishida, and Ashley R. Shibuya (Tom Petrus & Miller, LLLC) for Petitioners-Appellants Peter Baldwin, John Horwitz, Matthew Guard, and George R. Robinson, Co-trustees of the Eric A. Knudsen Trust; KVH LLC; CGB Partners; Makana Properties LLC; MFLP; Aukahi Farm LLC; Jocelyn Knudsen,

Trustee of the Knudsen
Irrevocable Trust, dated
December 12, 2012

Bruce D. Voss and
Grant Fasi Allison
(Bays Lung Rose & Voss)
for Respondent-Appellee
Association of Beachhouse
Owners of Kiahuna Plantation
(Phase III-B)