<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000030
12-NOV-2025
07:51 AM
Dkt. 65 SO**</span>

NO. CAAP-23-0000030


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE WAHIAWA CENTER FOR COMMUNITY HEALTH
dba WAHIAWA HEALTH, Plaintiff-Appellee,
v.
HAWAII COALITION FOR HEALTH, RAFAEL DEL CASTILLO,
ARLEEN JOUXSON-MEYERS, ARLEEN MEYERS, M.D., INC,
CARVER WILCOX, BEVERLY WILCOX, ELLEN SOFIO, and AMY DABIS,
Defendants-Appellees; and
WILLIAM F. MCKENZIE, WILLIAM F. MCKENZIE, M.D., INC.,
MARILYN LADAO, LYNDSEY LADAO, and KYLE LADAO,
Defendants-Appellants;
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE LIMITED LIABILITY COMPANIES 1-10; DOE CORPORATIONS 1-10
and DOE ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC181001775)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)


Defendants-Appellants William F. McKenzie and William

F. McKenzie, M.D., Inc. (together **Dr. McKenzie**), Marilyn Ladao,

Lyndsey Ladao, and Kyle Ladao (collectively, the **Ladaos**)[1] appeal from the Circuit Court of the First Circuit's[2] (**circuit court**) December 23, 2022 "Judgment Pursuant to the Order (1) Granting Plaintiff[-Appellee The Wahiawa Center for Community Health dba Wahiawa Health's (**Wahiawa Health**)] Motion to Confirm Arbitration Award and (2) Denying [the Appellants'] Motion to Vacate Arbitration Award" (**Judgment**).[3]

This appeal arises out of legal action initiated by Wahiawa Health against the Appellants. Wahiawa Health purchased Dr. McKenzie's medical practice in 2017. Dr. McKenzie and the Ladaos, who had worked for Dr. McKenzie, entered into employment agreements with Wahiawa Health. The Appellants subsequently terminated their employment with Wahiawa Health, and Dr. McKenzie resumed a private practice. Wahiawa Health's Complaint alleged that the Appellants were unlawfully competing with Wahiawa Health and in breach of contractual and other duties.

The Appellants moved to dismiss the Complaint on the ground that arbitration was required. The circuit court stayed the circuit court proceedings pending completion of arbitration

---

[1] Defendants-Appellants are collectively referred to as the **Appellants** herein.

[2] The Honorable Dean E. Ochiai presided.

[3] The circuit court entered an "Amended Judgment Pursuant to the Order (1) Granting [Wahiawa Health's] Motion to Confirm Arbitration Award and (2) Denying [the Appellants'] Motion to Vacate Arbitration Award and Decision and Final Award of Arbitrator, Dated October 15, 2021", on February 1, 2023.

proceedings. The circuit court granted Wahiawa Health's motion to confirm the Arbitration Award, and dismissed as moot the Appellants' motions to vacate the Arbitration Award and dismiss the Complaint.

The Appellants raise three points of error on appeal, contending that the circuit court erred in granting Wahiawa Health's motion to confirm the Arbitration Award, and disposing of the underlying Complaint against the Ladaos: (1) "insofar as there was no agreement to arbitrate with the Ladao[s]"; (2) "without more carefully rendering specific findings of fact [(**FOFs**)] and conclusions of law [(**COLs**)]"; and (3) "insofar as the Arbitrator refused to consider evidence material to the controversy with respect to the questions submitted to the Arbitrator." (Formatting altered.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Appellants' points of error as discussed below and affirm the circuit court's Judgment.

(1) The Appellants assert that the circuit court erred in confirming the Arbitration Award, "insofar as the [Ladaos] were not parties to the agreement to arbitrate." (Formatting altered.)

The Appellants' points of error do not specify where in the record the Appellants objected to this alleged error, or the manner in which this error was brought to the attention of the circuit court. See Hawai‘i Rules of Appellate Procedure Rule 28(b)(4). This court is not obligated to sift through the record for information that should have been provided by the Appellants. See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawai‘i 438, 480, 164 P.3d 696, 738 (2007).

Based on the court's independent review of the record, it appears the Appellants did not object to the Ladaos' alleged lack of an agreement to arbitrate until three months after the circuit court ruled on the Appellants' motion to vacate and Wahiawa Health's motion to confirm the Arbitration Award, and while entry of an order was pending. Given that the Appellants waived their objection to the arbitration, we conclude that the circuit court did not err in confirming the Arbitration Award. See Hawaii Revised Statutes § 658A-23(a)(5) (2016) ("Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if . . . [t]here was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under section 658A-15(c) not later than the beginning of the arbitration hearing[.]").

(2) The Appellants assert that the circuit court erred by not "more carefully rendering specific [FOFs] and [COLs]" in confirming the Arbitration Award and disposing of the claims against them in the underlying Complaint. (Formatting altered.) "[W]henever material facts are in dispute in determining whether an arbitration award should be vacated, the circuit court should conduct an evidentiary hearing and render [FOFs] and [COLs] in support of granting or denying the motion to vacate the arbitration award." Clawson v. Habilitat, Inc., 71 Haw. 76, 79, 783 P.2d 1230, 1232 (1989).

The Appellants fail to identify material facts in dispute that would require an evidentiary hearing and specific FOFs and COLs by the circuit court. Although the Appellants argue that the Ladaos did not agree to and did not participate in the arbitration, the Appellants twice moved to dismiss the Complaint on the basis that the claims were required to be resolved through arbitration.

Moreover, in moving to vacate the Arbitration Award, the Appellants argued the Arbitrator was "sloppy," and that the Arbitrator did not "resolve claims against all of the parties who were named as defendants in the litigation." Thus, the Appellants argued that the Arbitrator should have more specifically resolved claims against all of the Ladaos; they did not argue that the Ladaos were not subject to the arbitration.

The written closing argument submitted by the Appellants to the Arbitrator identifies the Respondents as including the Ladaos.

On this record, the Appellants fail to establish that the circuit court erred by entering the April 7, 2022 order confirming the Arbitration Award and by not rendering more specific FOFs and COLs.

(3) The Appellants contend that the circuit court erred in confirming the Arbitration Award "insofar as the Arbitrator exceeded her authority and refused to consider evidence material to the controversy," by ignoring evidence that the Appellants' resignations were accepted by Wahiawa Health without objection. (Formatting altered.) The Appellants further contend that the Arbitrator impermissibly credited the testimony of Wahiawa Health's Chief Executive Officer, and that there was no competent evidence of losses of income attributable to the Appellants' resignations and of any attempt by Wahiawa Health to mitigate its purported losses.

"[I]n reviewing an arbitration award, circuit courts are powerless to correct an arbitrator's [FOFs] even if [they are] clearly erroneous, or an arbitrator's rulings of law, even if [they are] wrong." Nordic PCL Constr., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 42, 358 P.3d 1, 14 (2015) (citations omitted). "[W]here the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that

6

the arbitrators may make mistakes in the application of law and in their [FOFs]." Haw. State Tchrs. Ass'n v. Dep't of Educ., 140 Hawai'i 381, 391-92, 400 P.3d 582, 592-93 (2017) (citation omitted).

Having failed to identify specific evidence that the Arbitrator refused to consider, and having themselves initiated the arbitration process by moving to dismiss the Complaint, the Appellants fail to demonstrate any error by the circuit court in confirming the Arbitration Award.

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawai'i, November 12, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Eric A. Seitz,
for Defendants-Appellants.              /s/ Clyde J. Wadsworth
                                        Associate Judge

Mark S. Kawata,
for Plaintiff-Appellee.                 /s/ Kimberly T. Guidry
                                        Associate Judge